IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**DONNIE EDWARD JENNINGS, JR.,**

          **Plaintiff,**

v.                                       No. 23-CV-080-JFH-JAR

**DAN CARTER, et al.,**

          **Defendants.**

**OPINION AND ORDER**

On October 2, 2023, Plaintiff Donnie Edward Jennings, Jr. ("Plaintiff") submitted a letter to the Court Clerk requesting that he be appointed counsel for this matter. Dkt. No. 31. The Court construed the letter as a motion for appointment of counsel. *Id.*[1]

Plaintiff alleges he needs appointed counsel, because he does not know how to proceed in this matter, and his incarceration limits his access to resources. *Id*. He bears the burden of convincing the Court that his claim has sufficient merit to warrant such appointment. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)).

The Court has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering Plaintiff's ability to present his claims and the complexity of the legal issues raised by the claims, the Court

---

[1] Plaintiff is advised that any future requests must be in the form of a proper motion--not a letter. *See* Rule 7(b) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1.

finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel [Dkt. 31] is DENIED.

Dated this 27th day of October 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE