IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**DONNIE EDWARD JENNINGS, JR.,**

           **Plaintiff,**

v.                                                                                        No. 23-CV-080-JFH-JAR

**DAN CARTER, et al.,**

           **Defendants.**

**OPINION AND ORDER DENYING**
**SECOND MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Donnie Edward Jennings, Jr. ("Plaintiff"), a pro se prisoner, filed a second motion for appointment of counsel. Dkt. No. 36. He alleges he cannot afford counsel, the issues in this action are complex, his legal knowledge and skill are very limited, and the ends of justice would be best served if the Court appoints counsel. *Id.* at 1.

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would [assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court again has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering Plaintiff's ability to present his claims and the complexity of the legal issues raised by the claims, the Court finds that appointment of counsel still is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

IT IS THEREFORE ORDERED that Plaintiff's second motion for appointment of counsel [Dkt. No. 36] is DENIED.

Dated this 25th day of July 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE